UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARWIN CRABTREE,
Plaintiff,

v.

COUNTY OF BUTTE, et al.,
Defendants.

Case No. 3:19-cv-08058-JD

**ORDER RE TRANSFER**

Re: Dkt. Nos. 6, 16

Plaintiff Darwin Crabtree is a resident of Butte County and sues the county and its officers for violations of his constitutional rights under 42 U.S.C. § 1983 and state law. Dkt. No. 1; Dkt. No. 8, Ex. 1 at 2. He alleges that he was maliciously prosecuted for sexual abuse of his children by the Butte County District Attorney's Office on the basis of false accusations coerced by the Butte County Alcohol and Drug Services. He was convicted by a Butte County jury in Superior Court, incarcerated for 9 years, and required to register as a sex offender for 17 more years, after which his conviction was vacated. Butte County is located in the Eastern District of California.

The case was initially assigned to a magistrate judge, who ordered Crabtree to show cause why the case should not be transferred to the Eastern District. Dkt. No. 6. Crabtree filed a response, but also declined magistrate judge jurisdiction, which caused the case to be reassigned to the Court. Dkt. Nos. 7, 8, 10. Defendants filed a Rule 12(b)(3) motion to dismiss for improper venue, or in the alternative for transfer under either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). Dkt. No. 16.

The Court finds the motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and vacates the hearing that was set for April 2, 2020. The case is transferred to the Eastern District of California.

**DISCUSSION**

The facts about this case's ties to Butte County are not in dispute. The parties also agree that the Eastern District is a proper venue. Dkt. No. 21 at 15 (plaintiff); Dkt. No. 16-1 at 4-5 (defendants). They disagree on whether venue is proper and convenient in this District, and what the consequence should be if Crabtree should have sued elsewhere.

Dismissal is not warranted under Section 1404 or Section 1406 for inconvenient or improper venue. The relevant standard for both provisions is substantially the same. As the Supreme Court recently recognized in *Ritzen Group, Inc. v. Jackson Masonry, LLC*, "within the federal court system, when venue is laid in the wrong district, or when the plaintiff chooses an inconvenient forum, transfer rather than dismissal is ordinarily ordered if 'in the interest of justice.'" 140 S. Ct. 582, 590 n.3 (2020) (quoting 28 U.S.C. §§ 1404(a), 1406); *see also PHH Mortg. Corp. v. Barrett, Daffin, Frappier, Treder, & Weiss, LLP*, Case No. 15-cv-04711-JD, 2016 WL 1588270, at *2 (N.D. Cal. Apr. 20, 2016) (reaching same result under Sections 1404 and 1406). That standard is amply met in this case because Crabtree represents that his claims would be time-barred if the case were dismissed. Dkt. No. 21 at 15; *see PHH Mortg. Corp.*, 2016 WL 1588270, at *2 (recognizing that "case might be time-barred if dismissed" weighs "in favor of transfer"). A transfer, and not a dismissal, is the right result here.

Transfer is appropriate because Crabtree's claims accrued in Butte County. The allegations in the complaint tell a harrowing story of Crabtree's wrongful conviction in that county on charges that he sexually abused his children. His conviction was vacated after evidence came to light that key accusations against him were coerced and fabricated by the Butte County District Attorney's Office and employees of Butte County Alcohol and Drug Services. These events all took place in Butte County. Crabtree says he has "spent more than 25 years living a nightmare," and has sued Butte County and individuals who reside there to redress his injuries. *See generally* Dkt. No. 1.

The factual allegations in the complaint are detailed and compelling. It may well be that Crabtree has a good claim to prosecute. But the case belongs in the Eastern District of California, where the complaint alleges that all the material events occurred and all the defendants are located.

Crabtree has not established that "a substantial part of the events or omissions giving rise to the claim occurred" in the Northern District for venue purposes. 28 U.S.C. § 1391(b)(2). The only tie to the Northern District that Crabtree identifies is that he spent "approximately 5 1/3 months" in custody at San Quentin, which is within our District. Dkt. No. 21 at 4. While it is undisputed at this point in the case that Crabtree suffered traumatic events there, including being threatened for being a child molester by another prisoner, his brief presence within this District is largely irrelevant to his claims of prosecutorial misconduct and resulting constitutional deprivations. All of those events occurred in Butte County. The complaint does not allege a claim based on his time in San Quentin, and no defendant is affiliated with the prison.

None of Crabtree's arguments suggest a different conclusion. He says that someone at San Quentin recommended Crabtree not receive probation, but that was based on a report "fabricated" in Butte County. Dkt. No. 1 ¶ 117. He puts considerable emphasis on the "locus of injury" as a factor in determining venue, *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001), but that general proposition is of no help to him here. The "brunt of the harm" in *Myers* was suffered in the venue where the plaintiff had sued. *Id*. at 1074, 1076 (citation omitted). That is a far cry from the situation here, where nothing material to the claims in the complaint occurred in this District.

An unpublished memorandum by the Ninth Circuit underscores this point. In *Smith v. Schmidt*, 52 Fed. App'x 11, 12 (9th Cir. 2002), a panel applied *Myers* to approve the venue of a Section 1983 suit in California against New Jersey prosecutors for providing "documents to the California Department of Correction ('DOC') for use" at a parole hearing. It concluded that "[b]ecause Smith alleged that the 'locus of the injury' was the parole hearing, which occurred in the Central District of California, venue was proper under 28 U.S.C. § 1391(b)(2)." *Id.* (citing *Myers*, 238 F.3d at 1075-76). In contrast, Crabtree's claims are against Butte County and its officers for falsifying reports, malicious prosecution, coercing testimony, and other misconduct that took place in the Eastern District of California, not at San Quentin.

Even if venue were proper in this District, which is not the case, a transfer to the Eastern District of California is warranted under Section 1404(a) "[f]or the convenience of parties and

witnesses, in the interest of justice." Under this section, "the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

All the applicable factors count against Crabtree except his choice of forum. The witnesses, documents, and evidence are overwhelmingly located in Butte County. The fact that Crabtree chose to file here is not enough to put aside the common sense conclusion that efficiency and economy are best served by litigating the claims in the venue where they arose. *See PHH Mortg. Grp.*, 2016 WL 1588270, at *2.

The case is transferred to the Eastern District of California.

**IT IS SO ORDERED.**

Dated: March 28, 2020

JAMES DONATO
United States District Judge