**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Stephen E. Horan, SBN 125241
William E. Camy, SBN 291397
Matthew W. Gross, SBN 324007
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

**OFFICE OF COUNSEL**
**COUNTY OF BUTTE**
Bruce S. Alpert, SBN 075684
Brad J. Stephens, SBN 212246
25 County Center Drive
Oroville, CA 95965
TEL: (530) 538-7621
FAX: (530) 538-6891

Attorneys for Defendants, COUNTY OF BUTTE, KRISTIN MCNELIS, KATHARYN SCHWARTZ and EDWARD SZENDREY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARWIN CRABTREE, | Case No.: 2:20-cv-00675-KJM-KJN |
| Plaintiff, | **JOINT STIPULATION TO MODIFY THE PRE-TRIAL SCHEDULING ORDER TO CONTINUE FACT DISCOVERY; ORDER** |
| v. | |
| COUNTY OF BUTTE, KRISTIN MCNELIS, KATHARYN SCHWARTZ, EDWARD SZENDREY, JANE DOE, AND JOHN DOES 1-20, | |
| Defendants. | Complaint Filed: 12/10/19 |

*{02423793.DOCX}*

**Whereas,** the Court's Initial Pretrial Scheduling Order (ECF 36) set a date of June 21, 2021 for the conclusion of non-expert discovery.

**Whereas**, the parties have been diligent in conducting discovery and are currently working together to discuss various outstanding discovery issues. In light of their efforts to resolve as many of these issues as possible without the Court's intervention, the parties still have outstanding third party discovery requests and depositions. For instance, Defendants have issued subpoenas (to produce documents and appear for depositions) to three of Plaintiff's children—who have undertaken a lengthy review of their records in order to respond to Defendants' subpoenas—and the parties have worked diligently together to resolve issues pertaining to those subpoenas without involving the Court. The parties have determined that Plaintiff's children, as third parties, shall be given ample time to respond to the subpoenas. Plaintiff likewise intends to take depositions but understands that Defendant Kristen NcNelis will require additional time due to her role as caregiver to her ailing husband.

**Whereas**, the parties believe that they would benefit from an additional 90 days to complete non-expert discovery so that they can provide ample time for third parties to respond to subpoenas and so that they can continue working out their discovery disputes amongst themselves with minimal Court intervention.

**Whereas**, because the continuation of the non-expert discovery deadline for 90 days will also impact the remaining deadlines in the Court's Scheduling Order, the parties agree that the remaining deadlines should be modified as follows:

1. Expert disclosure deadline shall be extended until October 22, 2021;
2. Expert Rebuttal discovery shall November 26, 2021;
3. Dispositive Motion deadline shall be on January 14, 2022 with the last day to hear dispositive motions on February 25, 2022;

**Whereas**, the parties respectfully submit that good cause exists to grant their request to modify the discovery deadlines because, while the parties have worked diligently to meet their respective discovery needs, they have not been and will not be able to complete non-expert discovery before the current deadline. *See* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met

despite party's diligence); *cf. Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 (9th Cir. 2007) (finding that district court improperly denied a Rule 16(b) motion to modify the scheduling order where plaintiff diligently pursued discovery but was unable to obtain deposition testimony prior to deadline to file response to summary judgment motion).

**Whereas**, the requested extension will not unduly delay this case or prejudice any party, nor is it made for any improper purpose. Rather, the request is made jointly by the parties and in a timely manner. For this additional reason, good cause exists to grant the requested modification to the schedule. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) ("requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'") (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)).

**Whereas,** there have been no previous time modifications to these deadlines in this case.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and between the parties, by and through their respective counsel of record, that (subject to Court Order):

1. Non-expert discovery be extended until September 24, 2021;
2. Expert disclosure deadline shall be extended until October 22, 2021;
3. Expert Rebuttal discovery shall November 26, 2021;
4. Dispositive Motion deadline shall be on January 14, 2022 with the last day to hear dispositive motions on February 25, 2022;

///
///
///
///
///
///
///
///

{02423793.DOCX}  3

JOINT STIPULATION TO MODIFY THE PRE-TRIAL SCHEDULING ORDER TO CONTINUE FACT DISCOVERY; ORDER

| | | |
|---|---|---|
| 1 | Dated: May 17, 2021 | PORTER | SCOTT |
| 2 | | A PROFESSIONAL CORPORATION |
| 3 | | |
| 4 | | By /s/ *Matthew W. Gross* |
| 5 | |     Stephen E. Horan |
| | |     William E. Camy |
| 6 | |     Matthew W. Gross |
| 7 | |     Attorneys for Defendants COUNTY OF BUTTE, KRISTIN MCNELIS, KATHARYN SCHWARTZ and EDWARD SZENDREY |
| 8 | | |
| 9 | Dated: May 7, 2021 | EDELSON PC |
| 10 | | |
| 11 | | By   /s/ *Brandt Silver-Korn* |
| 12 | |     Rafey S. Balabanian |
| | |     Todd Logan |
| 13 | |     Brandt Silver-Korn |
| | |     Lily Hough |
| | |     Attorneys for Plaintiff Darwin Crabtree |

**ORDER**

Upon review of the **Joint Stipulation to Modify the Pre-Trial Scheduling Order To Continue Fact Discovery** and **finding Good Cause therefore**, the Court hereby orders that the Initial Pre-Trial Scheduling Order dated August 6, 2020, ECF 36, be modified as follows:

1. Non-expert discovery be extended until September 24, 2021;
2. Expert disclosure deadline shall be extended until October 22, 2021;
3. Expert Rebuttal discovery shall November 26, 2021;
4. Dispositive Motion deadline shall be on January 14, 2022 with the last day to hear dispositive motions on March 4, 2022; and
5. The parties are ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving this Court's ruling on the last filed dispositive motion. The parties are to set forth in their Notice of Trial Readiness, the appropriateness of special procedures, whether this case is related to any other case(s) on file in the Eastern District of California, the prospect for settlement, their estimated trial length, any request for a jury, and their availability for trial. After review of the parties' Joint Notice of Trial Readiness, the Court will issue an order that sets forth new dates for a final pretrial conference and trial.

**IT IS SO ORDERED.**

DATED: May 17, 2021.

CHIEF UNITED STATES DISTRICT JUDGE