Rafey S. Balabanian (SBN – 315962)
rbalabanian@edelson.com
Todd Logan (SBN – 305912)
tlogan@edelson.com
Brandt Silver-Korn (SBN – 323530)
bsilverkorn@edelson.com
Lily E. Hough (SBN – 315277)
lhough@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Telephone: 415.212.9300
Facsimile: 415.373.9435

*Counsel for Plaintiff*

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Stephen E. Horan, SBN 125241
William E. Camy, SBN 291397
Matthew W. Gross, SBN 324007
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

**OFFICE OF COUNTY COUNSEL
COUNTY OF BUTTE**
Bruce S. Alpert, SBN 075684
Brad J. Stephens, SBN 212246
25 County Center Drive
Oroville, CA 95965
TEL: (530) 538-7621
FAX: (530) 538-6891

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

DARWIN CRABTREE,

      Plaintiff,

  v.

COUNTY OF BUTTE, KRISTIN MCNELIS, KATHARYN SCHWARTZ, EDWARD SZENDREY, JANE DOE, AND JOHN DOES 1-20.

      Defendants.

Case No.: 2:20-cv-00675-KJM-KJN

**STIPULATION AND ORDER TO MODIFY PRE-TRIAL SCHEDULING ORDER**

JOINT STIPULATION TO MODIFY THE PRE-TRIAL SCHEDULING ORDER TO CONTINUE FACT DISCOVERY; ORDER

In accordance with Local Rule 144 and Federal Rule 6, Plaintiff Darwin Crabtree ("Plaintiff") and Defendants County of Butte, Kristin McNelis, Katharyn Schwartz, and Edward Szendrey (collectively "Defendants"), by and through their respective undersigned counsel, respectfully request that this Court enter an Order extending by 120 days all future deadlines in the Modified Pretrial Scheduling Order (the "Scheduling Order") (dkt. 52). In support of the instant stipulated request, the parties state as follows:

1.    WHEREAS, the Court's Initial Pretrial Scheduling Order (dkt. 36) set a date of June 21, 2021 for the conclusion of non-expert discovery, which this Court extended, pursuant to the stipulation of the parties, to September 24, 2021 (dkt. 52);

2.    WHEREAS, the parties have been diligent in conducting discovery since the Court entered the Scheduling Order, having issued and responded to additional sets of interrogatories and requests for admission, having conducted six (6) non-expert depositions, and continuing to work together to resolve various written discovery issues, particularly those involving third-party discovery;

3.    WHEREAS, due to the number of additional lay witness depositions currently set in this action and a number of outstanding third-party discovery issues which the parties are continuing to work through, the parties will be unable to schedule all non-expert depositions and complete third-party discovery in this case before September 24, 2021, despite their diligence;

4.    WHEREAS, the parties have agreed that they would benefit from an additional 120 days to schedule the remaining non-expert depositions to be taken in this case, to continue working together to resolve discovery issues pertaining to third parties, and to continue meeting and conferring about written party-discovery to avoid unnecessary Court intervention;

5.    WHEREAS, the requested 120-day extension takes into account the scheduling needs of the remaining non-expert depositions (which include, at minimum, six additional depositions), the need for additional written third-party discovery in advance of certain depositions, and the desire of counsel to avoid filing piecemeal discovery motions, with due consideration for the holiday period from Thanksgiving to New Year's Day, during which there may be further challenges in scheduling depositions, discovery conferences, and motion hearings;

6.      WHEREAS, accordingly, the parties respectfully request that the Court enter an Order extending the close of non-expert discovery to January 24, 2021[1];

7.      WHEREAS, because the continuation of the non-expert discovery deadline will also impact the scheduling for expert disclosures and discovery, the parties agree that the remaining deadlines in the Scheduling Order should also be extended by 120 days as follows:

a.      Expert disclosure deadline shall be extended to February 19, 2022;

b.      Expert rebuttal discovery deadline shall be extended to March 26, 2022;

c.      Dispositive motion deadline shall be extended to May 14, 2022 with the last day to hear dispositive motions on June 25, 2022;

8.      WHEREAS, the parties respectfully submit that good cause exists to grant their request to modify the Scheduling Order because, while the parties have worked diligently to meet their respective discovery needs, they have not been and will not be able to complete non-expert discovery before the current deadline. *See* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence); *cf. Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 (9th Cir. 2007) (finding that district court improperly denied a Rule 16(b) motion to modify the scheduling order where plaintiff diligently pursued discovery but was unable to obtain deposition testimony prior to deadline to file response to summary judgment motion).

9.      WHEREAS, the requested extension will not unduly delay this case or prejudice any party, nor is it made for any improper purpose. Rather, the request is made jointly by the parties and in a timely manner. For this additional reason, good cause exists to grant the requested modification to the schedule. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) ("requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'")

---

[1]      January 22, 2021—the date exactly 120 days after September 24, 2021—falls on a Saturday and thus, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the parties request that the Court set the close of non-expert discovery on January 24, 2021, that is, "the next day [after the extension period] that is not a Saturday, Sunday, or legal holiday."

(quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)).

  10. WHEREAS, there has been one previous time modification to these deadlines in this case (dkt. 52).

  **IT IS SO STIPULATED** (*subject to Court Order*)**.**

Dated: September 22, 2021     PORTER | SCOTT
             A PROFESSIONAL CORPORATION

             By_____ s/ Matthew W. Gross_____

             Stephen E. Horan
             William E. Camy
             Matthew W. Gross

             Attorneys for Defendants COUNTY OF BUTTE,
             KRISTIN MCNELIS, KATHARYN SCHWARTZ
             and EDWARD SZENDREY

Dated: September 20, 2021     EDELSON PC

             By____ s/ Lily E. Hough_____

             Rafey S. Balabanian
             Todd Logan
             Brandt Silver-Korn
             Lily E. Hough

             Attorneys for Plaintiff Darwin Crabtree

JOINT STIPULATION TO MODIFY THE PRE-TRIAL SCHEDULING ORDER TO CONTINUE FACT DISCOVERY;
ORDER

**ORDER**

Upon review of the Joint Stipulation to Modify the Pre-Trial Scheduling Order and finding Good Cause therefore, the Court hereby orders that the Initial Pre-Trial Scheduling Order dated August 6, 2020 (dkt. 36) be modified as follows:

1. Non-expert discovery deadline shall be extended until January 24, 2021;

2. Expert disclosure deadline shall be extended until February 19, 2022;

3. Expert Rebuttal discovery shall be extended until March 26, 2022;

4. The last day to hear dispositive motions shall be extended to July 15, 2022; and

5. The parties are ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving this Court's ruling on the last filed dispositive motion. The parties are to set forth in their Notice of Trial Readiness: the appropriateness of special procedures, whether this case is related to any other case(s) on file in the Eastern District of California, the prospect for settlement, their estimated trial length, any request for a jury, and their availability for trial. After review of the parties' Joint Notice of Trial Readiness, the Court will issue an order that sets forth new dates for a final pretrial conference and trial.

**IT IS SO ORDERED.**

DATED:  September 22, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE

JOINT STIPULATION TO MODIFY THE PRE-TRIAL SCHEDULING ORDER TO CONTINUE FACT DISCOVERY; ORDER